<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

| | |
|---|---|
| **DANIEL ATKIN,** | \* |
| Plaintiff, | \* |
| v. | Case No.: GJH-15-3413 |
| | \* |
| **GOLDBERG'S NEW YORK BAGELS,** *et al.*, | \* |
| Defendants. | |
| | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Daniel Atkin brings this action against Defendants Goldberg's New York Bagels and Daniel Keleman (collectively, "Defendants")[1] for violations of the Maryland Wage Payment and Collection Act ("MWPCL"), Md. Code, Lab. & Empl. § 3-501 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. § 3-401 *et seq.* Presently pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(4), 12(b)(5), and 12(b)(6), ECF No. 11.[2] No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendants' Motion to Dismiss is denied.

---

[1] The pleadings identify Mr. Daniel Keleman as the Registered Agent of Goldberg's New York Bagels. ECF No. 1 at 1; ECF No. 11 at 3.

[2] Plaintiff has also filed a Motion for Leave to File a Surreply, ECF No. 17. Leave to file a surreply under Local Rule 105(2)(a) should be granted only when "the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply," *Coryn Group II, LLC v. O.C. Seacret, Inc.*, 868 F. Supp. 2d 468, 496 (D. Md. 2012). Because Defendants introduced no new information in the Reply that Plaintiff did not previously have an opportunity to address, Plaintiff's Motion for Leave to File a Surreply will be denied. *See Tamarian Carpets, LLC v. Ahmadi & Sons, Inc.*, No. CIV.A. GLR-12-2571, 2013 WL 3771375, at *2 (D. Md. July 16, 2013) (denying motion for leave to file surreply on same grounds).

I.  **BACKGROUND**

Plaintiff filed the instant Complaint on November 7, 2015, alleging claims under the Maryland Wage Payment and Collection Act, the Fair Labor Standards Act, and the Maryland Wage and Hour Law arising from an overtime payment dispute with his former employer, Goldberg's New York Bagels. ECF No. 1. Plaintiff alleges that although he regularly worked 55 hours per week, he was not paid the overtime compensation to which he was entitled. *Id.* at 2.

After several failed attempts to serve Defendant Daniel Keleman personally and in his capacity as Resident Agent for Defendant Goldberg's New York Bagels T/A Washington Bagel Company, LLC , Plaintiff filed a Motion for Alternative Service on January 3, 2016. ECF No. 5. Specifically, Plaintiff requested to:

> [E]ffectuate service by mailing a copy of the Complaint by first class mail to the resident agent's business address located on Boiling Brook Parkway in Rockville and to the personal residence of the resident agent, Mr. Keleman, as well as post a copy of the complaint on the window of the 7731 Tuckerman Lane, Potomac, MD store.

ECF No. 5 at 2.[3] The Court granted the Motion for Alternative Service on March 7, 2016. ECF No. 8.[4] Counsel subsequently entered appearance on behalf of Defendants on April 7, 2016. ECF No. 9; ECF No. 10.

Defendants filed a Motion to Dismiss for Failure to State a Claim and Failure to Serve Process. ECF No. 11. Defendants argue that a) Goldberg's New York Bagels is not a proper party to this action, b) Plaintiff never sent a certified letter to Washington Bagel Company LLC's Registered Agent pursuant to the Court's March 7, 2016 Order, and c) Plaintiff has failed to

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[4] The request for attorney's fees and costs was denied. ECF No. 8.

make individual service on Defendant Daniel Keleman. *Id.* at 3–5. Plaintiff filed his Opposition on June 1, 2016. ECF No. 13. Defendants filed their Reply on May 19, 2016. ECF No. 15.

## II.     STANDARD OF REVIEW

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-CV-508, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

Defendants may also challenge the sufficiency of process or service of process under Fed. R. Civ. P. 12(b)(4) and (b)(5). *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Following such a motion, Plaintiffs bear the burden of establishing the validity of service under Federal Rule of Civil Procedure 4. *Id.* The Fourth Circuit has provided that in cases where service of process has given a defendant actual notice of the claim against it, courts may adopt a liberal interpretation of Rule 4 and "uphold the jurisdiction of the court." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). While the "plain requirements for the means of effecting service of process may not be ignored," where the defendant has actual notice of the action,

"every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### III. ANALYSIS

#### A. Proper Defendant

Defendants' first argument that "Defendant Goldberg New York Bagels is not a Proper[] Party to this action" is unpersuasive. ECF No. 11 at 3. Under Fed. R. Civ. P. 17(b), the capacity to sue or be sued, for a party not an individual or a corporation, is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b). Under Maryland law, "[a]n unincorporated association, joint stock company, or other group which has a recognized group name may sue or be sued in the group name on any cause of action affecting the common property, rights, and liabilities of the group." *Rullan v. Goden*, No. CIV. CCB-12-2412, 2014 WL 4926192, at *4 (D. Md. Sept. 30, 2014) (citing Md. Code Cts. & Jud. Proc., § 6–406(a)). "This statute does not, however, expand 'the kinds of unincorporated entities that may be sued in their group name to include amorphous groups having no clear separate identity, simply because they have a group name.'" *Id.* (citing *Bourexis v. Carroll Cty. Narcotics Task Force*, 96 Md .App. 459, 468 (Md. Ct. Spec. App. 1993)).

From the face of the Complaint and subsequent pleadings, it is evident that Plaintiff sued "Goldberg's New York Bagels T/A Washington Bagel Company, LLC." ECF No. 1 at 1. Defendants acknowledge in their Motion to Dismiss and attached exhibits from the Maryland Department of Assessments and Taxation, ECF No. 11-2 at 1, that Washington Bagel Company, LLC is the proper designation for the company; so Defendants' contention that "[b]ecause Gold[b]erg's New York Bagels is only a registered trace name, it cannot be sued" is inapposite.

Plaintiff did not sue Goldberg's New York Bagels as a separate entity or an "amorphous group," but rather, Goldberg's New York Bagels trading as Washington Bagel Company, LLC. Thus, dismissal of this Defendant or of the action on this basis is not appropriate.

### B. Process and Service of Process

Defendants next argue that Plaintiff never sent a certified letter to the address of Washington Bagel Company LLC's Registered Agent. Defendants acknowledge that "Plaintiff sent certified mail to 4824 Boiling Brook Parkway, Rockville, MD 20852 and 7731 Tuckerman Lane, Potomac, MD 20854," but state that "the Registered Agent address of Defendant Washington Bagel Company, LLC is Daniel Keleman, 725 Symphony Woods Drive, Silver Spring, MD 20901." ECF No. 11 at 3. In his Opposition, Plaintiff states that "Plaintiff correctly complied [with the Court's March 7, 2016 Order], serving the complaint and summons by certified mail." ECF No. 13 ¶ 8.[5]

A review of the record indicates that Plaintiff filed a Motion for Alternative Service on January 3, 2016. ECF No. 5. In that Motion, Plaintiff specifically requested that he be allowed to mail a copy of the Complaint by first class mail to the business address at Boiling Brook Parkway. *Id.* at 2. The Court granted Plaintiff's Motion for Alternative Service. ECF No. 8. Plaintiff stated that he subsequently complied with the Court's Order, "serving the complaint and summons by certified mail." ECF No. 13 at 2. Defendants have since entered their appearance in this action. ECF No. 9; ECF No. 10. Defendants have also admitted that Plaintiff sent "certified letters to Defendant's store location, which were received by store employees." ECF No. 15 at 3. Hence, the only reasonable inference is that Defendants received "actual notice of the action,"

---

[5] Plaintiff also states in his Opposition that "Michael Corner, an experienced process server, tried to serve Mr. Keleman three times between November 30, 2015 and December 1, 2015" and "Kokouvi Agbotse, another experienced process server, tried to serve Mr. Keleman . . . nine times between December 2, 2015 and December 12, 2015." ECF No. 13 ¶ 7. These attempts preceded the Court's March 7, 2016 Order granting Alternative Service.

and "failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Thus, Defendants' arguments that service was not properly effectuated as to Washington Bagel Company, LLC are rejected.[6]

Defendants further argue that Plaintiff did not mail a copy of the summons and complaint to Mr. Keleman's last known address. ECF No. 11 at 4. Defendants contend that "the Court's March 2016 order only permits certified mail to Defendant's registered agent – not the individual Defendant." *Id.* However, this is simply incorrect. Plaintiff's Motion for Alternative Service unequivocally requests alternative service "against defendants Goldberg's New York Bagels T/A Washington Bagel Company LLC *and Daniel Keleman*." ECF No. 5 at 1 (emphasis added). And the Motion requests that the Plaintiff be able to serve process by "mailing a copy of the complaint by first class mail to the resident agent's business address located on Boiling Brook Parkway in Rockville and to the personal residence of the resident agent, Mr. Keleman, as well as post a copy of the complaint on the window of the 7731 Tuckerman Lane, Potomac, MD store." *Id.* Therefore, absent any allegation that Mr. Keleman did not receive notice of the action, Defendants' arguments on this point are unavailing for the same reasons stated above.[7]

---

[6] Although actual notice has been established, Plaintiff must still file Proof of Service pursuant to Fed. R. Civ. P. 4(l)(1), attesting that the summons was mailed consistent with the Court's prior Order, ECF No. 8. Failure to do so within 14 days of the attached Order may cause the Court to reconsider its ruling.

[7] As further grounds for denying dismissal under Rule 12(b)(5), the Court notes that Plaintiff has alleged evasion of process on behalf of Defendants. ECF No. 13 at 2; *Cf. Chihota v. Fulton, Friedman & Gullace, LLP*, No. CIV.A. RDB-11-01273, 2012 WL 1319816, at *2 (D. Md. Apr. 16, 2012) ("To establish good cause [for any delay], a plaintiff must demonstrate that 'reasonable and diligent efforts [were made] to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.'").

IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 11, is denied. Plaintiff's Motion to File Surreply, ECF No. 17, is also denied. A separate Order shall issue.

Date: February 1, 2017

_____
George J. Hazel
United States District Judge