IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

2018 JAN 30  A 10: 11

| | |
|---|---|
| **DANIEL ATKIN,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-15-3413 |
| | * |
| **GOLDBERG'S NEW YORK BAGELS,** *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This is an action brought under the Maryland Wage and Hour Law ("MWHL")[1] and the Fair Labor Standards Act ("FLSA"), in which Plaintiff Daniel Atkin, a former employee of Goldberg's New York Bagels ("Goldberg's"),[2] alleges that he is owed overtime payments, as well as attorney's fees and costs. ECF No. 1 at 5–6.[3] Presently pending before the Court is Defendants' Motion for Summary Judgment, ECF No. 31. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion for Summary Judgment is granted.

---

[1] Although Plaintiff's Complaint lists the Maryland Wage Payment and Collection Law ("MWPCL") as the source of his state-law claim for overtime, the MWPCL does not provide for overtime pay; rather, it is the Maryland Wage and Hour Law ("MWHL"), Maryland's version of the federal FLSA, that dictates when employees must be paid overtime. *See* "Introduction – The Maryland Guide to Wage Payment and Employment Standards," Maryland.gov, https://www.dllr.state.md.us/labor/wagepay/wpgenl.shtml (last accessed on Jan. 10, 2018).

[2] Plaintiff named as Defendant "Goldberg's New York Bagels T/A Washington Bagel Company, LLC." ECF No. 1. As discussed below, "Washington Bagel Company, LLC" is the parent company that owns the "Goldberg's New York Bagels" stores.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

I.      **BACKGROUND**[4]

Defendant Washington Bagel Company, LLC is a corporation that owns three Goldberg's locations in Maryland. ECF No. 31-2 ¶ 4. These restaurants sell Kosher[5] bagels and other Kosher food to customers in Maryland. *Id.* ¶ 6. Each location employs kitchen staff, counter staff, and a general manager. *Id.* ¶ 16. From 2004 until 2017, Defendant Daniel Keleman owned Washington Bagel Company, LLC. *Id.* ¶¶ 1, 3.

Plaintiff Daniel Atkin was employed as a general manager at the Goldberg's Potomac, Maryland location from February 16, 2014, until his termination in May 2015. *Id.* ¶¶ 8, 31. Pursuant to the employment agreement Plaintiff entered into with Washington Bagel Company, LLC, Plaintiff was paid an annual salary of $40,000 and was provided 18 paid days off per year. *Id.* ¶¶ 11–12. Among his job responsibilities, Plaintiff was responsible for "restaurant inventory, ordering products, monitoring the store's financial performance, training and supervising employees, hiring, firing and disciplining employees, maintaining record keeping and financial reporting and other managerial tasks." *Id.* ¶ 17. While he was working for Defendants, Plaintiff hired two employees as restaurant staff, *id.* ¶¶ 19–20, and fired another employee, *id.* ¶ 25. In May 2015, Defendant Keleman terminated Plaintiff. *Id.* ¶ 31.

On November 7, 2015, Plaintiff initiated this action by filing his Complaint against Defendants, alleging violations of the Maryland Wage and Hour Law (Count 1) and the Fair Labor Standards Act (Count 2) and seeking overtime pay and reasonable attorney's fees and costs. ECF No. 1 at 5–6. On February 20, 2017, Plaintiff's attorneys informed the Court that they would be withdrawing as counsel; Plaintiff has been represented *pro se* since then. ECF No. 26. On August 9, 2017, Defendants filed the pending Motion for Summary Judgment, arguing that

---

[4] The facts relied on herein are either undisputed or viewed in the light most favorable to the Plaintiff.
[5] "Kosher" food is food which is "fit or allowed to be eaten or used, according to the dietary or ceremonial laws" of Judaism. "Kosher," Dictionary.com, http://www.dictionary.com/browse/kosher (last accessed Jan. 11, 2018).

2

Plaintiff is an exempt employee under the FLSA and MWHL, and not entitled to receive overtime pay. ECF No. 31. On August 11, 2017, the Clerk of the Court mailed a letter to the Plaintiff informing him of his right to respond and the potential consequences for failing to do so. ECF No. 32. Plaintiff did not file an opposition to Defendants' Motion and the time to do so has passed.

## II. STANDARD OF REVIEW

"Under [Federal Rule of Civil Procedure] 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. Importantly, at the summary judgment stage, it is not the Court's function to weigh the evidence but simply to decide if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). A dispute of material fact is genuine if the conflicting evidence creates "fair doubt," *Cox v. Cnty. Of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001), such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. Nevertheless, a

"mere scintilla of proof" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003) (citing *Anderson*, 477 U.S. at 252). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

## III.  DISCUSSION

Defendants argue that they are entitled to summary judgment because Plaintiff falls under an exception of the FLSA and MWHL as a store manager, thus exempting him from overtime pay. The Fair Labor Standards Act requires that an employee receive overtime pay if he works more than 40 hours in any workweek. 29 U.S.C. § 207(a).[6] The statute, however, exempts from this requirement "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The Department of Labor has promulgated regulations interpreting the scope of this exemption. *See In re Family Dollar FLSA Lit.*, 637 F.3d 508, 513 (4th Cir. 2011). Those regulations provide that an employee is an executive if: (1) he is compensated at a rate of at least $455; (2) his primary duty is management; (3) he customarily and regularly directs the work of two or more other employees; and (4) he has the authority to hire or fire other employees or his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a) (2004).

---

[6] Maryland's MWHL "is the state's equivalent of the FLSA." *Watkins v. Brown*, 173 F. Supp. 2d 409, 415 (D. Md. 2001). The requirements for pleading a claim under the MWHL "mirror those of the federal law."*Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242 (D. Md. 2012). In fact, the regulations interpreting the executive exemption of the MWHL expressly references the federal regulations. *See* Code of Md. Regs., 09.12.41.05.

4

Here, Plaintiff's position at Goldberg's falls under the regulatory definition of an "executive." First, it is undisputed that Plaintiff was paid an annual salary of $40,000, or $769.23 per week; more than the required $455. *See* ECF No. 31-2 ¶ 11. Second, Plaintiff's primary duty at Goldberg's was management. Keleman attests – and Plaintiff does not dispute – that Plaintiff was responsible for restaurant inventory, ordering products, monitoring the store's financial performance, hiring, firing, training and supervising employees, and maintaining records and financial reporting. *Id.* ¶ 17. Third, it is undisputed that Plaintiff was responsible on a regular basis for directing the work of two or more other employees. Each Goldberg's location employed kitchen staff and counter staff, whose work Plaintiff directed. *Id.* ¶ 16. Fourth, it is undisputed that he had the authority to hire or fire other employees. Keleman attests that, while working as the general manager at Goldberg's, Plaintiff hired two employees. *Id.* ¶ 19. Keleman states that Plaintiff had the discretion to hire employees, posted the job announcement for these positions, conducted the interviews, and was the only individual who had input into the decision to hire the employees. *Id.* ¶¶ 21–23. While he was the general manager, Plaintiff fired one of his employees, had the discretion to do so, and was the sole decision-maker regarding the employee's termination. *Id.* ¶¶ 25–26. Therefore, it is undisputed that Plaintiff had the authority to hire or fire employees.

Thus, Plaintiff's role at Goldberg's meets each of the regulatory requirements of an executive employee, and he was exempt from the overtime pay requirements of the FLSA and the MWHL. There is no genuine dispute of material fact, and Defendants are entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted. A separate Order shall issue.

Date: January 29, 2018

GEORGE J. HAZEL
United States District Judge